**[J-25-2021] [OAJC: Todd, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA
WESTERN DISTRICT**

| | | |
|---|---|---|
| SHARLEEN M. RELLICK-SMITH, | : | No. 23 WAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered March 31, |
| | : | 2020 at No. 919 WDA 2019, |
| v. | : | affirming the Order of the Court of |
| | : | Common Pleas of Indiana County |
| | : | entered March 25, 2019 at No. 32- |
| BETTY J. RELLICK AND KIMBERLY V. | : | 14-0490. |
| VASIL, | : | |
| | : | ARGUED: April 14, 2021 |
| Appellees | : | |

**DISSENTING OPINION**

**CHIEF JUSTICE BAER**                    **DECIDED: OCTOBER 20, 2021**

Unlike the Opinion Announcing the Judgment of the Court ("OAJC"), I conclude that the coordinate jurisdiction rule did not preclude the trial court from granting Appellees' motion to amend their pleadings to include, *inter alia*, a statute-of-limitations defense. I reach this conclusion because, in my view, the inquiry of whether Appellees were entitled to judgment on the pleadings is a distinct legal question from whether Appellees' motion to amend their pleadings should be granted. Because I believe that the Superior Court came to the correct result, I would affirm that court's judgment.

As the OAJC accurately explains, Appellant filed her complaint against Appellees in October of 2014. Four months after Appellant filed her complaint, Appellees filed a motion for judgment on the pleadings seeking to have the trial court dismiss the complaint on the grounds that Appellant lacked standing and that the action was barred by the statute-of-limitations. The then-presiding judge, the Honorable Carol Hanna, determined

that Appellees waived their statute-of-limitations defense by failing to include it in their new matter. *See* Pa.R.C.P. 1030(a) (stating that all affirmative defenses must be pleaded as new matter). Judge Hanna nevertheless granted Appellees' motion, as she agreed with them that Appellant lacked standing.

After Appellant successfully appealed Judge Hanna's order to the Superior Court, which held that Appellant had standing to proceed, the case was remanded to the trial court and eventually transferred to the Honorable Thomas Bianco. In July of 2018, Appellees, with the assistance of new counsel, filed a motion seeking to amend their answer to plead new matter, including a statute-of-limitations defense. Judge Bianco granted Appellees' motion; Appellees subsequently filed their amended pleadings; and Judge Bianco ultimately entered an order finding that Appellant's cause of action is barred by the statute of limitations.

On appeal, the Superior Court rejected Appellant's contention that Judge Hanna's conclusion that Appellees waived their statute-of-limitations defense prohibited Judge Bianco from allowing Appellees to amend their pleadings to include a statute-of-limitations defense. Contrary to the Superior Court's decision, the OAJC holds that the coordinate jurisdiction rule precluded Judge Bianco from granting Appellees' motion to amend their pleadings. For the reasons that follow, I respectfully disagree.

The coordinate jurisdiction rule is straightforward. "Generally, the coordinate jurisdiction rule commands that upon transfer of a matter between trial judges of coordinate jurisdiction, a transferee trial judge may not alter resolution of a legal question previously decided by a transferor trial judge." *Zane v. Friends Hosp.*, 836 A.2d 25, 29 (Pa. 2003). "More simply stated, judges of coordinate jurisdiction should not overrule each other's decisions." *Id.*

Here, Judge Hanna was asked to rule on Appellees' motion for judgment on the pleadings to determine, as relevant to this appeal, whether Appellees clearly were entitled to judgment based upon the averments in the pleadings on the basis that Appellant's claims were barred by the statute of limitations. *See Travelers Cas. & Sur. Co. v. Castegnaro*, 772 A.2d 456, 459 (Pa. 2001) (explaining that "[j]udgment on the pleadings is proper only where the pleadings evidence that there are no material facts in dispute such that a trial by jury would be unnecessary"). Judge Hanna answered this question in the negative, concluding that, in effect, the pleadings were insufficient to grant Appellees judgment because they failed to plead their statute-of-limitations defense under new matter, in violation of Pa.R.C.P. 1030(a).

Appellees presented Judge Bianco with an entirely different query. Judge Bianco was asked whether Appellees should be permitted to amend their pleadings to include a statute-of-limitations defense in light of the potential prejudice that this amendment may cause Appellant. *See Robinson Protective Alarm Co. v. Bolger & Picker*, 516 A.2d 299, 302 n.6 (Pa. 1986) (noting that "it has been firmly established that the right to amend a pleading is a matter of judicial discretion and should be liberally granted at any stage of a proceeding unless it constitutes surprise which results in prejudice to an adverse party, or the grant thereof constitutes an error of law"). In support of his decision to grant Appellees' motion to amend their pleadings, Judge Bianco expressly determined that Appellant was not prejudiced by the amendment to Appellees' pleadings. Trial Court Opinion, 3/26/2019, at 5-8.

In my view, this series of events makes clear that Judge Bianco did not alter or overrule Judge Hanna's conclusion that Appellees were not entitled to judgment on the pleadings because they waived their statute-of-limitations defense by failing to include it in the pleadings under examination at that point in the proceedings. Rather, Judge Bianco

addressed the discrete issue of whether Appellees should be permitted to amend their pleadings. Thus, I agree with the Superior Court insomuch as that court concluded that the coordinate jurisdiction rule did not preclude Judge Bianco from granting Appellees' motion to amend their pleadings.

To be clear, reasonable minds may differ as to whether Judge Bianco appropriately exercised his discretion by granting Appellees' motion to amend. *See id.* ("When reviewing a trial court's ruling on a party's petition to amend we must bear in mind that the trial court is granted broad discretion in evaluating amendment petitions."). For example, on the one hand, the three-judge panel of the Superior Court found that Judge Bianco did not abuse his discretion by granting the motion to amend based upon the perceived absence of a more specific showing of prejudice to Appellant. *Rellick-Smith v. Rellick*, 229 A.3d 390 (Pa. Super. 2020) (unpublished memorandum at 7-8). On the other hand, the OAJC, in essence, concludes that the Judge Bianco abused his discretion by granting Appellees' motion to amend because Appellant necessarily was prejudiced by the amendment to Appellees' pleadings. OAJC at 17 ("Indeed, we fail to see how a plaintiff who has received the benefit of a ruling that a defendant waived a statute of limitations defense would not be prejudiced if the defendant subsequently was permitted by a different judge to amend their pleadings to raise that precise defense.").[1] While I

---

[1] The OAJC seems to equate prejudice with success on the merits. However, in these circumstances, prejudice should be evaluated based upon the effect the passage of time has had on the new allegations. This Court has explained this concept in the following terms.

> Despite our liberal policy of allowing amendments to pleadings, an amendment will not be permitted if it would result in undue prejudice to the pleader's opponent. Professor Fleming James, Jr., of Yale Law School has given an accurate and succinct description of the concept of prejudice in this context:

appreciate the varying views of Judge Bianco's exercise of discretion in granting the motion to amend, I do not believe that the issue upon which we granted allowance of appeal encompasses a review of that part of Judge Bianco's decision-making process.

Justices Saylor and Mundy join this dissenting opinion.

---

All amendments have this is [in] common: they are offered Later in time than the pleading which they seek to amend. If the amendment contains allegations which would have been allowed inclusion in the original pleading (the usual case), then the question of prejudice is presented by the Time at which it is offered rather than by the substance of what is offered. The possible prejudice, in other words, must stem from the fact that the new allegations are offered Late rather than in the original pleading, and not from the fact that the opponent may lose his case on the merits if the pleading is allowed[.]

*Bata v. Cent.-Penn Nat. Bank of Philadelphia*, 293 A.2d 343, 356-57 (Pa. 1972).